LEE, J.
Petitioners appeal from the court’s denial of post-conviction relief, and assert that at their trials they were denied their rights under the Sixth Amendment to the United States Constitution as construed in Chambers v. Mississippi, 410 US 284, 93 S Ct 1038, 35 L Ed 2d 297 (1973).
In 1969 and 1970, petitioners, in separate trials, were each convicted of the murders of Beverly Allan and Larry Peyton. Prior to the trials, counsel for each petitioner became aware that a William Holloway had confessed to the murder of Allan. Counsel for Jorgensen, after interviewing Holloway, concluded that Holloway was not a credible witness and decided not to call him as a defense witness. Brom’s attorney elected to call Holloway as a witness, but at the trial Holloway, out of the presence of the jury, claimed that he had been bribed by the police to confess, and effectively repudiated much of his confession. Brom’s counsel, surprised by Holloway’s testimony, elected not to use Holloway as a witness before the jury.
In Chambers v. Mississippi, supra, one McDonald had confessed to the crime with which Chambers was charged. At the trial, McDonald repudiated his confession. Chambers then sought to examine McDonald, but was denied the opportunity to do so by the trial court. The trial court also denied Chambers the opportunity to present witnesses who would have testified that McDonald told them he had committed the crime. The Supreme Court held that the court’s rulings denied Chambers his right to confront and present witnesses:
"We conclude that the exclusion of the [testimony of the witness], coupled with the State’s refusal to permit Chambers to cross-examine McDonald, denied him a trial in accord with traditional and fundamental standards of due process. In reaching this judgment, we establish no new principles of constitutional law. * * * Rather, we hold quite simply that under the facts and circumstances of this case the rulings of the trial court deprived Chambers of a fair trial.” 410 US at 302-03.
*[160] Petitioners appear to contend that Chambers vests in a defendant a non-waivable right to present evidence that other individuals have confessed to the crime with which the defendant is charged. We do not so read Chambers. Chambers holds only that if a defendant elects to present such evidence, he may not be barred from doing so. Since petitioners point to no ruling made in either of their trials forbidding them from presenting any evidence that Holloway murdered Allan, we conclude that the trial court correctly denied the petitions for post-conviction relief.
We note in passing that on this appeal petitioners specifically and repeatedly abjure from making any claim that either of their counsel was incompetent.
Affirmed.